HAMITER, Justice.
Donald Womack, who was incarcerated in the Louisiana State Penitentiary at Angola in West Feliciana Parish following his conviction and sentence for the offense of operating a motor vehicle while under the influence of intoxicating beverages, instituted a habeas corpus proceeding in the district court of the named parish against the penitentiary’s warden to obtain his release from that institution. The court, after a hearing, issued the writ of habeas corpus and ordered Womack discharged.
Thereafter, specifically on December 15, 1958, the warden (hereinafter referred to by us as relator) invoked our supervisory powers, he having petitioned for a review and the annulment of the ruling of the district court. Attached to the petition was an affidavit of relator’s counsel reciting that “ * * * copies of this petition were duly served upon the Honorable Woodrow Overton, Judge of the Twentieth Judicial *107 District Court, and upon Leon A. Picou, Jr. and John R. Rarick, Attorneys for Plaintiff, on the 11th day of December, 1958, by mailing the same to them by registered United States mail.”
On December 16, 1958 we issued, in addition to the usual writ of certiorari, a rule directed to Womack (hereinafter referred to by us as respondent) and to the district judge to show cause on January 23, 1959 why the relief prayed for by relator should not be granted.
On December 24, 1958, respondent’s counsel filed a motion to recall the mentioned writ of certiorari and rule. As a basis for the motion they alleged that relator, contrary to the above quoted recitation contained in the affidavit of his counsel, failed to deliver or mail copies of the petition to this court as required by our Rule 13, Section 7, the pertinent provisions of which read: “ * * * Before the petition is presented to the Supreme Court, a copy of the petition must be delivered or mailed to the judge whose order or ruling is complained of, or to any other officer whose action is complained of, and to the adverse party or parties to the proceeding, or to his or their attorney of record, in order that the judge or other officer, or the adverse party or parties, may submit immediately any reason that he or they may have to urge in opposition to the petition. * * * ”
On February 25, 1959, after the cause had been submitted here on the rule to show cause, relator (through his attorneys) filed a return to respondent’s motion to recall. Therein he shows that on January 5, 1959 a copy of his petition was personally served on respondent’s counsel and another copy mailed to the trial judge. Thus, it appears that the copies were not timely delivered as required by our rules, the deliveries not having been effected until approximately three weeks after the filing of the petition in this court (December 15, 1958); and that there was error in the above mentioned affidavit of relator’s counsel.
In view of these circumstances, and in keeping with our present jurisprudence, we must sustain respondent’s motion to recall. In Wilson Sporting Goods Company v. Alwes, 204 La. 639, 16 So.2d 217, 219, decided in 1943 and relied on herein by respondent, we held that the requirement of our Rule 13, Section 7 for delivering copies of the petition is mandatory and that a failure to comply therewith constitutes a fatal defect in the proceedings — even when and where we have granted the writ of certiorari and issued a rule nisi, as prayed for by the petitioner. In so holding we reasoned and observed: “Under the plain provisions of the quoted portion of Section 7 of Rule XIII, it is the mandatory duty of a relator, before presenting his petition for remedial writs to the Supreme Court, to serve a copy of the petition either by delivery or by mail on the trial judge and the adverse party or his attorney, to the end that the judge or the adverse party be given the opportunity of submitting immediately any reason that he or they may have for opposing the petition. In other words, the rule of court prescribes a condition precedent which must be adhered to in order that the relator may properly bring before the court for its consideration his application for remedial writs.
“The fact that the court inadvertently issued the writ of certiorari and rule nisi in this case is no reason why the court should not recall the writ and rule when its attention has been properly directed to the failure of relator to follow the mandatory provisions of the law governing applications for remedial writs.
“It is not disputed that if the court’s attention had been directed to relator’s failure to comply with the rule of court invoked by respondent, it would have been incumbent upon the court to deny the application. This being true, we see no reason why a relator, who has failed to comply with the rule and whose application has been inadvertently granted, should be in a better position than a relator who has *108 failed to comply with the rule but whose application has been refused because the omission was noticed before the application was granted.
“The rule of court should be enforced against all alike or otherwise it should be abrogated. There is no middle ground. Nor is there any room in this case for the exercise of the court’s discretion, since, by reason of relator’s failure to comply with the requirements of the rule, its application was not properly presented to the court for its consideration.
* * * * * ‡
“According to the plain language of section 7 of Rule XIII, the requirement that in applications for remedial writs a copy of the petition must be delivered or mailed to the judge and to the adverse party, or his attorney, is for the convenience and information of the judge and adverse party in order that the judge or adverse party ‘may submit immediately any reason that he or they may have to urge in opposition to the petition.’ The fact that the requirement might indirectly work for the convenience and information of the court does not impair the primary purpose of the requirement — the convenience and information of the trial judge and the adverse party.”
True, the decision in the Alwes case was rendered by a divided court. Nevertheless, we do not feel justified in departing from it, for the above quoted reasoning and observations appear to be sound.
Moreover, attending the instant matter are certain factors which, had they existed at the time of the Alwes decision, might well have caused at least two of the three justices dissenting therein to reach different conclusions. Thus, one felt that sincé the rule in question did not prescribe a penalty of recalling an issued writ of certiorari and rule nisi (on failure to observe the rule’s requirement) the attorneys should first be put on notice that such would be the result. The Alwes decision has served to provide that notice. Again, another of the dissenting justices indicated that he might have concluded differently had the court’s action in issuing the writ and rule resulted because of misrepresentation of the relator respecting the service of copies of the petition. Here, contrary to the situation in the Alwes case, an affidavit of the relator’s counsel stated erroneously that copies had been served as required.
A further circumstance which influences our refusal to overturn the Alwes decision (rendered near the end of 1943) is that after the rendition thereof we re-wrote our rules (those presently governing were adopted in 1951) and, in so doing no alteration was made in Rule 13, Section 7 to avoid the effect of such holding.
For the reasons assigned the above discussed motion of respondent is sustained. Accordingly, the granted writ of certiorari is recalled and the issued rule nisi is dismissed.
FOURNET, C. J., dissents.